Fill in this information to identify the case:

United States Bankruptcy Court for the:

Northern District of California
(State)

Case number (*If known*): _____ Chapter 7

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual      12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

### Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

**1. Chapter of the Bankruptcy Code**

*Check one:*

■ Chapter 7
☐ Chapter 11

### Part 2: Identify the Debtor

**2. Debtor's name**

XS Ranch Fund VI, L.P.

**3. Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

**4. Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

__ __ - __ __ __ __ __ __ __
EIN

**5. Debtor's address**

**Principal place of business**

101 Mission Street
Number   Street

Suite 1115

San Francisco   CA   94105
City            State  ZIP Code

San Francisco
County

**Mailing address, if different**

_____
Number   Street

_____
P.O. Box

_____
City            State  ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number   Street

_____

_____
City            State  ZIP Code

Debtor  XS Ranch Fund VI, L.P.  Case number (if known)_____
        Name

| 6. | **Debtor's website** (URL) | _____ |

| 7. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ■ Partnership (excluding LLP) |
| | | ☐ Other type of debtor. Specify: _____ |

| 8. | **Type of debtor's business** | *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. §101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. §781(3)) |
| | | ☐ None of the types of business listed. |
| | | ☐ Unknown type of business. |

| 9. | **To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?** | ■ No |
| | | ☐ Yes. Debtor _____ Relationship _____ |
| | | District _____ Date filed _____ Case number, if known _____ |
| | |                                   MM / DD / YYYY |
| | | Debtor _____ Relationship _____ |
| | | District _____ Date filed _____ Case number, if known _____ |
| | |                                   MM / DD / YYYY |

## Part 3: Report About the Case

| 10. | **Venue** | *Check one:* |
| | | ■ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district. |

| 11. | **Allegations** | Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b). |
| | | The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a). |
| | | *At least one box must be checked*: |
| | | ■ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount. |
| | | ☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. |

| 12. | **Has there been a transfer of any claim against the debtor by or to any petitioner?** | ■ No |
| | | ☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a). |

Official Form 205  **Involuntary Petition Against a Non-Individual**  page **2**
Case: 16-31367   Doc# 1   Filed: 12/23/16   Entered: 12/23/16 13:51:16   Page 2 of 6

| Debtor | XS Ranch Fund VI, L.P. | Case number (if known) |
|---|---|---|
| | Name | |

### 13. Each petitioner's claim

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Dr. Hasso Plattner | Judgment | $ 12,496,438.36 |
| Granite Land Company | Judgment | $ 3,124,109.59 |
| Peter Mainstain | Judgment | $ 208,273.97 |
| <u>See Attached Exhibit</u> | Total of petitioners' claims | $ 15,828,821.92 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

## Part 4: Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Name and mailing address of petitioner**

Dr. Hasso Plattner, c/o Friedrich Meinikat
Name

Rudolf-Breitscheid-Str. 187
Number    Street

14482 Potsdam, Germany
City              State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number    Street

_____
City              State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
              MM / DD / YYYY

✗ /S/ Dr. Hasso Plattner
Signature of petitioner or representative, including representative's title

**Attorneys**

David C. Winton
Printed name

Winton Strauss Law Group, P.C.
Firm name, if any

2        Ranch Dr
Number    Street

Novato                CA       94945
City              State     ZIP Code

Contact phone  (415) 985-2111   Email dcw@wintonstrauss.com

Bar number  152417

State  CA

✗ /S/ David C. Winton
Signature of attorney

Date signed  12/23/2016
              MM / DD / YYYY

Official Form 205   Involuntary Petition Against a Non-Individual   page 3

Case: 16-31367    Doc# 1    Filed: 12/23/16    Entered: 12/23/16 13:51:16    Page 3 of 6

Debtor: **XS Ranch Fund VI, L.P.**
Name

Case number (*if known*) _____

---

**Name and mailing address of petitioner**

Mike McKernan, President, Granite Land Company
Name

11171 Sun Center Drive, Suite 100
Number   Street

Rancho Cordova   CA   95670
City   State   ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City   State   ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

✗ /S/ Michael McKernan
Signature of petitioner or representative, including representative's title

---

Same as above
Printed name

_____
Firm name, if any

_____
Number   Street

_____
City   State   ZIP Code

Contact phone _____   Email _____

Bar number _____

State _____

✗ _____
Signature of attorney

Date signed _____
MM / DD / YYYY

---

**Name and mailing address of petitioner**

Peter Mainstain
Name

10866 Wilshire Blvd. 10th Floor
Number   Street

Los Angeles   CA   90024
City   State   ZIP Code

**Name and mailing address of petitioner's representative, if any**

_____
Name

_____
Number   Street

_____
City   State   ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

✗ /S/ Peter Mainstain
Signature of petitioner or representative, including representative's title

---

Same as above
Printed name

_____
Firm name, if any

_____
Number   Street

_____
City   State   ZIP Code

Contact phone _____   Email _____

Bar number _____

State _____

✗ _____
Signature of attorney

Date signed _____
MM / DD / YYYY

---

Exhibit A

Debtor XS Ranch Fund VI, L.P. ("Debtor" or "Fund") is a Delaware limited partnership formed for the purpose of acquiring and developing an 8,600-acre (approximate) parcel of real property in Bastrop County, Texas (the "Property"). The general partner of the Debtor is XS Ranch VI Manager, L.P., the general partner of which is yet another entity called Coast Range Investments, LLC, James P. Foster, manager ("Foster").

Petitioning Creditors are three representative creditors out of a total of 60 claimants who are the creditors of Debtor as a result of a single JAMS arbitration award, wherein each creditor was awarded a monetary award of Restitution in an amount commensurate with his, her or its capital contributions invested in the Fund, for an aggregate amount of $28,575,001.00; plus post-judgment interest thereon which totals $ 1,182,143.88 through December 23, 2016 and reasonable attorney's fees and costs (the "Award"). The Award was issued in July, 2016 but execution was stayed until October 29, 2016 pursuant to a forbearance agreement entered into between the creditors and Debtor in order to allow Debtor the opportunity to arrange financing to satisfy the Award. The Award was recently confirmed as a judgment in Texas state court, as the Property is located there. The Petitioning Creditors are collectively entitled to $15,200,000.00 under the Award, as well as interest in the total amount of $628,821.92 plus attorney's fees. Because Debtor failed to arrange financing to satisfy the Award, the forbearance agreement has terminated, and the entire amount of the Award is now due. No payments on the Award have been made to any creditors, including Petitioning Creditors, despite demand.

The Property is encumbered by approximately $21 million in senior secured debt owed to Steiner & Sons, LTD ("Steiner"). Taking into consideration that senior debt and the Award, Debtor is indebted in the *known* minimum amount of $49,575,001. Petitioning Creditors are informed and believe that Debtor has substantial other debt, including unsecured debt to contractors, attorneys, accountants, and other service providers, but that amount is not currently known.

Petitioning Creditors are informed and believe that the value of the Property is significantly less than $49 million, but the precise value is not currently known. Petitioning Creditors are informed and believe that Debtor has no ability to pay the quarterly interest payment currently due under the Steiner senior secured debt. Petitioning Creditors are further informed and believe that, in order to satisfy prior quarterly interest payment obligations, Debtor has transferred title to portions of the Property pursuant to at least two (2) transfer deeds in favor of Steiner in lieu of making cash payments. Based on the Texas public records, as of the date of this Petition, Debtor has transferred approximately 1,265 acres to Steiner to satisfy approximately $1,256,250 in interest obligations. Petitioning Creditors are informed and believe that such transfers were made for less than adequate

consideration and that further transfers will impair all secured and unsecured creditors' ability to recover their claims.

All creditors that are parties to the Award have the same priority with respect to any judgment lien against the Property. Accordingly, Petitioning Creditors understand and agree that any recovery by Petitioning Creditors would be shared on a pro rata basis with the other creditors to the Award.