Garrick A. Hollander – State Bar No. 166316
ghollander@wcghlaw.com
Richard H. Golubow – State Bar No. 160434
rgolubow@wcghlaw.com
**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for XS Ranch
Fund VI, L.P., Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>XS RANCH FUND VI, L.P.,<br><br>            Debtor and<br>            Debtor-in-Possession. | Case No. 16-31367-DM-11<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT PURSUANT TO 11 U.S.C. §§ 364(c)(1) AND (d)**<br><br>Date: July 28, 2017<br>Time: 10:00 am<br>Ctrm: 17<br>        450 Golden Gate Avenue<br>        San Francisco, California |

     XS Ranch Fund VI, L.P., a Delaware limited partnership, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), hereby files this Motion for entry of an order authorizing the Debtor to obtain credit on a senior secured and super-priority basis pursuant to 11 U.S.C. §§ 364(c)(1) and (d) ("DIP Financing") from Crestline Direct Finance, L.P. ("Crestline") or one of its affiliates as it may designate, as sole lead arranger, on behalf of investments funds managed by Crestline Management, L.P. (each, a "DIP Lender" and

collectively, the "DIP Lenders"), on the terms set forth in the Term Sheet attached as Exhibit "1" to the Declaration of Michael VanderLey filed concurrently herewith ("VanderLey Declaration").

The terms of the DIP Financing are summarized as follows:

| | |
|---|---|
| Interest Rate: | 10.0% fixed rate per annum ("Cash Pay Rate"), payable quarterly in arrears. |
| Default Rate: | The sum of the Cash Pay Rate *plus* 4.0% per annum. |
| Facility Fee: | 2.0% of the total amount of the DIP Facility, payable to the Arranger on the Funding Date. |
| Administration Fee: | $50,000, payable to the Agent on the Funding Date. |
| Security: | Priming, first-priority perfected liens on all assets of the Debtor, including but not limited to the Transferred Property after repurchase by the Debtor, under 11 U.S.C. § 364(d). |
| Priority: | Administrative super-priority under 11 U.S.C. § 364(c)(1). |
| Maturity Date: | The maturity date of the DIP Facility (the "Maturity Date") shall be the earliest of: (i) March 30, 2018; (ii) the date on which a sale of all or substantially all of the Borrower's assets has closed pursuant to a final non-appealable order of the Court; (iii) the date on which the Agent or the Lenders terminate the DIP Facility because of an event of default (iv) the effective date of a plan confirmed in the Chapter 11 Case; (v) the effective date of a dismissal of the Chapter 11 Case; and (vi) the failure of the final order approving the DIP Facility to be entered. |
| Events of Default: | Failure to pay principal, interest or any other amount when due; representations and warranties incorrect in any material respect; failure to comply with covenants in the DIP Facility documentation; cross-default to other post-petition indebtedness; failure to satisfy or stay execution of judgments; actual or asserted (by any credit party) invalidity or impairment of any part of the DIP Facility documentation; failure of the Borrower to continue to engage a financial advisor reasonably acceptable to the Agent to provide operational advice, perform cash flow modeling and otherwise provide advisory services pursuant to such terms of engagement (including such other duties and responsibilities) as are acceptable to the Agent; the appointment of a trustee or examiner with expanded powers or dismissal, or conversion to |

chapter 7, of the Chapter 11 Case; confirmation of any plan of reorganization in the Chapter 11 Case, other than one providing for payment in full, in cash, on the effective date, of all of the obligations under the DIP Facility; amendment or stay of either of any interim order or the final order approving the DIP Facility or reversal, modification, or vacation of either order, without the written consent of the Agent; the filing by the Borrower of any motion or other request with the Bankruptcy Court seeking authority to use any cash proceeds of any of the Priority Collateral without the Agent's and the Lenders' consent or to obtain any financing under section 364 of the Bankruptcy Code other than the DIP Facility without the Agent's and the Lenders' consent; the entry of any order by the Bankruptcy Court approving the use of cash proceeds of any of the Priority Collateral without the Agent's and the Lenders' consent or approving any financing under section 364 of the Bankruptcy Code other than the DIP Facility without the Agent's and the Lenders' consent; the challenge to the validity, extent, perfection, or priority of any liens under or in connection with the Pre-Petition Credit Facilities; any person holding a lien upon any assets of the Borrower is granted relief from the automatic stay if such relief of stay could reasonably be expected to have a material adverse effect on the ongoing business operations or financial performance of the Borrower; the Borrower's cessation of all or any material part of their business operations; other than as provided in any "first day order" in form and substance acceptable to the Agent and as set forth in the Budget, the payment of any pre-petition obligation without the Agent's and the Lenders' consent; remittance, use or application of the proceeds of Priority Collateral other than in accordance with cash management procedures and agreements acceptable to the Agent; or use of the cash collateral of the agent and the lenders under the Pre-Petition Credit Facilities for any purpose other than to pay expenditures set forth in the Budget or otherwise approved by the Agent.

The Debtor requests authority to use the proceeds of the DIP Financing *inter alia* as follows:

(1) To pay in full approximately $21.3 million of secured debt owed to the Debtor's pre-petition secured lender, Steiner & Sons, Ltd., a Texas limited Partnership ("Steiner");

(2) To pay in full the purchase price payable by the Debtor to Steiner and its affiliate, S&S 1165 Investments LLC ("S&S") for all of the properties identified in those certain Repurchase Option Agreements totaling approximately 2,430 acres of the Property, in the approximate amount of $5 million;

(3) To pay normal operating expenses of the Debtor and the Property through March 2018, consistent with the Budget attached as Exhibit "2" to the VanderLey Declaration, in an amount of approximately $1.1 million; and

(4) To pay administrative, professional and United States Trustee fees through March 2018 projected in the amount of approximately $1.6 million.

This Motion is made and based upon the Memorandum of Points and Authorities, the VanderLey Declaration, and the Declaration of Jimmy H. Jackson ("Jackson Declaration") filed concurrently herewith, the papers, pleadings and other documents on file in this case, and upon any additional evidence, both oral and documentary, which may be presented to the Court at or before the time of the hearing on this Motion, if any should be held.

## **CERTIFICATION**

The undersigned Certifying Professional has read the accompanying motion and the Post Petition Financing Introductory Statement; to the best of my knowledge, information and belief, formed after reasonable inquiry, the terms of the relief sought in the motion are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the court may grant appropriate relief under [14] [SIC] if the court determines that a material element of the motion was not adequately disclosed in the Introductory Statement.

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | WHEREFORE, the Debtor requests that this Court enter an order granting the relief |
| 2 | requested in the Motion. |
| 3 | DATED: June 30, 2017 |

                                       **WINTHROP COUCHOT**
                                       **GOLUBOW HOLLANDER, LLP**

                                       By:   */s/ Richard H. Golubow*
                                                Garrick A. Hollander
                                                Richard H. Golubow
                                       [Proposed] General Insolvency Counsel for
                                       Debtor and Debtor-in-Possession