1  Garrick A. Hollander – State Bar No. 166316
   ghollander@wcghlaw.com
2  **WINTHROP COUCHOT**
   **GOLUBOW HOLLANDER, LLP**
3  660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
4  Telephone: (949) 720-4100
   Facsimile: (949) 720-4111
5
6  General Insolvency Counsel for XS Ranch
   Fund VI, L.P., Debtor and Debtor-in-Possession
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                           **OAKLAND DIVISION**

11

12  In re:                                   Case No. 16-31367-RE-11

13  XS RANCH FUND VI, L.P.,                   Chapter 11 Proceeding

14              Debtor and                    **DEBTOR'S MOTION FOR ORDER**
                Debtor-in-Possession.         **AUTHORIZING DEBTOR TO OBTAIN**
15                                            **SECURED CREDIT PURSUANT TO**
                                              **11 U.S.C. §§ 364(c)(1)-(3) AND (d)**
16

17                                            Date:     [To be determined]
                                              Time:     [To be determined]
18                                            Place:    Courtroom 201
                                                        1300 Clay Street, 2nd Floor
19                                                      Oakland, California

20

21      XS Ranch Fund VI, L.P., a Delaware limited partnership, the debtor and debtor-in-

22  possession (the "Debtor"), hereby files this motion ("Motion") for entry of an order authorizing the

23  Debtor to obtain credit pursuant to 11 U.S.C. §§ 364(c)(1)-(3) and (d) ("DIP Financing") from

24  Crestline Direct Finance, L.P. or one of its affiliates as it may designate, as sole lead arranger, on

25  behalf of investments funds managed by Crestline Management, L.P. ("Lender"), on the terms set

26

27

28

forth in the Credit Agreement attached as Exhibit 1 to the VanderLey Declaration,[1] and pursuant to an order in substantially the form attached as Exhibit 2 to the VanderLey Declaration.

The terms of the proposed DIP Financing are summarized as follows:

| | |
|---|---|
| Amount | $18.6 million |
| Interest Rate | 12.0% fixed rate per annum ("Cash Pay Rate"), payable quarterly in arrears |
| Default Rate | The Cash Pay Rate *plus* 4.0% per annum |
| Fees | (1) Facility fee of 2.0% of the DIP Financing, payable on the Funding Date <br> (2) Administration Fee: $50,000, payable on the Funding Date |
| Priority | Administrative super-priority under 11 U.S.C. § 364(c)(1) |
| Security | (1) First priority lien on Phase I Property and Transferred Property - §364(d) <br> (2) First priority lien on all unencumbered assets - §364(c)(2) <br> (3) Junior lien on all encumbered assets - §364(c)(3) |
| Carve-out | The Budget provides for payment of $461,000 and $858,000 of CRO and professional fees, respectively |
| Maturity | The earliest of: (i) March 30, 2018; (ii) the date on which a sale of all or substantially all of Debtor's assets has closed pursuant to a final non-appealable order of the Court; (iii) the date on which the Agent or the DIP Lenders terminate the DIP Facility because of an event of default (iv) the effective date of a plan confirmed in the Chapter 11 Case; (v) the effective date of a dismissal of the Chapter 11 Case; and (vi) the failure of the final order approving the DIP Facility to be entered. |
| Events of Default | Failure to pay any amount when due; representations and warranties incorrect in any material respect; failure to comply with covenants in the DIP Facility documentation; cross-default to other post-petition indebtedness; failure to satisfy or stay execution of judgments; actual or asserted (by any credit party) invalidity or impairment of any part of the DIP Facility documentation; failure of the Debtor to continue to engage a financial advisor reasonably acceptable to the Agent to provide operational advice, perform cash flow modeling and otherwise provide advisory services pursuant to such terms of engagement (including such other duties and responsibilities) as are acceptable to the Agent; the appointment of a trustee or examiner with expanded powers or dismissal, or conversion to chapter 7, of the chapter 11 case; confirmation of any plan of reorganization in the chapter 11 case, other than one providing for payment in full, in cash, on the effective date, of all of the obligations under the DIP Facility; amendment or stay of either of any interim order or the final order approving the DIP Facility or reversal, modification, or vacation of either order, without the written consent of the Agent; Debtor's filing of any motion or other |

---

[1] Capitalized terms not defined herein shall have the same meaning as the Memorandum of Points and Authorities filed in support hereof and concurrently herewith.

**DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN**

Case: 16-31367    Doc# 184    Filed: 09/06/17    Entered: 09/06/17 17:48:40    Page 2 of 5

230462

request with the Court seeking authority to use any cash proceeds of any of the Priority Collateral without the Agent's and the DIP Lenders' consent or to obtain any financing under section 364 of the Bankruptcy Code other than the DIP Facility without the Agent's and the DIP Lenders' consent; the entry of any order by the Bankruptcy Court approving the use of cash proceeds of any of the Priority Collateral without the Agent's and the DIP Lenders' consent or approving any financing under section 364 of the Bankruptcy Code other than the DIP Facility without the Agent's and the DIP Lenders' consent; any person holding a lien upon any assets of the Debtor is granted relief from the automatic stay if such relief of stay could reasonably be expected to have a material adverse effect on the ongoing business operations or financial performance of the Debtor; the Debtor's cessation of all or any material part of their business operations; other than as provided in any "first day order" in form and substance acceptable to the Agent and as set forth in the Budget, the payment of any pre-petition obligation without the Agent's and the DIP Lenders' consent; remittance, use or application of the proceeds of Priority Collateral other than in accordance with cash management procedures and otherwise approved by the Agent.

The Debtor requests authority to use the proceeds of the DIP Financing as follows:

| Est'd Amount of Funding | Purpose |
|---|---|
| $ 8,847,000 | Payment in full to senior secured creditor on $8 million promissory note, including $847,000 of interest and fees, secured by Phase I Property |
| 5,054,000 | Repurchase of 2,430 acres of property critical to reorganization |
| 688,000 | Non-default post-petition interest on unpaid indebtedness owing to Steiner |
| 1,635,000 | Payment of U.S. Trustee fees and other administrative expenses, including operating expenses and a portion of CRO and professional fees |
| 1,674,000 | DIP interest to DIP Lender |
| 674,000 | DIP Financing closing costs |
| 97,000 | Working capital reserve |
| $18,600,000 | Total |

This Motion is made and based upon the Memorandum of Points and Authorities, the VanderLey Declaration, filed concurrently herewith, the Declaration of Jimmy H. Jackson filed on June 30, 2017 as Docket #89, and the papers, pleadings and other documents on file in this case, and upon any additional evidence, both oral and documentary, which may be presented to the Court at or before the time of the hearing on this Motion, if any should be held.

## CERTIFICATION

The undersigned Certifying Professional has read the accompanying motion and the Post Petition Financing Introductory Statement; to the best of my knowledge, information and belief,

formed after reasonable inquiry, the terms of the relief sought in the motion are in conformity with the Court's Guidelines For Cash Collateral And Financing Motions and Stipulations except as set forth above. I understand and have advised the debtor in possession that the court may grant appropriate relief under [14] [SIC] if the court determines that a material element of the motion was not adequately disclosed in the Introductory Statement.

WHEREFORE, the Debtor requests that this Court enter an order in substantially the form attached as **Exhibit 2** to the VanderLey Declaration, including the following relief:

1. Authorizing the Debtor to enter into the Credit Agreement with Lender and borrow $18.6 million pursuant to the terms of the Credit Agreement and the Motion;

2. Allowing Lender an administrative expense claim with priority over any or all administrative expenses of the kind specified in §503(b) or §507(b), to the extent of the funds advanced post-petition by Lender to the Debtor;

3. Authorizing the Debtor to grant in favor of Lender a first priority lien against the Transferred Property and Phase I Property pursuant to Section 364(d)(1) of the Bankruptcy Code, to the extent of the funds advanced post-petition by Lender to the Debtor;

4. Authorizing the Debtor to grant in favor of Lender a junior lien on property of the estate that is subject to a lien pursuant to Section 364(c)(3), to the extent of the funds advanced post-petition by Lender to the Debtor;

5. Authorizing the Debtor to grant a lien on all assets not subject to a lien, except for any avoidance claims of the Debtor, pursuant to Section 364(c)(2);

6. Authorizing the Debtor to grant in favor of Longaro & Clarke, L.P. ("L&C") a replacement lien against the Transferred Property upon the Debtor's repurchase of the Transferred Property, to the same extent, validity, and priority of any liens held by L&C as of the Petition Date against the Debtor's assets;

7. Authorizing the Debtor to pay Steiner, its pre-petition senior secured creditor approximately $8.8 million in full satisfaction of the promissory notes dated March 20, August 6 and December 18, 2015;

4

Case: 16-31367   Doc# 184   Filed: 08/06/17   Entered: 08/06/17 07:49:40   Page 4 of 5

230462

8.     Authorizing the Debtor to exercise its repurchase options with Steiner and fully consummate the repurchase transactions contemplated therein;

9.     Authorizing the Debtor to make the payments provided for in the Budget attached as **Exhibit 3** to the VanderLey Declaration, subject to the Debtor's compliance with Court orders entered relative to the payment of professional fees;

10.     Entering a Court order with appropriate findings of the Court establishing that the credit was extended in good faith, together with such other findings as are necessary to ensure that the DIP Lenders are entitled to the protection afforded by Bankruptcy Code Section 364(e); and

11.     Such other relief as the Court deems just and proper.

DATED: September 6, 2017

**WINTHROP COUCHOT**
**GOLUBOW HOLLANDER, LLP**

By:   */s/ Garrick A. Hollander*
       Garrick A. Hollander
       General Insolvency Counsel for
       Debtor and Debtor-in-Possession

Case: 16-31367   Doc# 184   Filed 09/06/17   Entered: 09/06/17   Page 5 of 5

230462