Garrick A. Hollander – State Bar No. 166316
ghollander@wghlawyers.com
Alastair M. Gesmundo – State Bar No. 316573
agesmundo@wghlawyers.com
**WINTHROP GOLUBOW HOLLANDER, LLP**
1301 Dove Street, Suite 500
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Creditor and party-in-interest

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>XS RANCH FUND VI, L.P.,<br><br>        Reorganized Debtor | Case No. 16-31367-RE-11<br><br>Chapter 11 Proceedings<br><br>**<u>EX PARTE</u> MOTION FOR ORDER SHORTENING TIME RE HEARING ON MOTION UNDER 11 U.S.C. §1112(b) TO CONVERT CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Michael J. VanderLey in Support Filed Concurrently Herewith]<br><br>[LBR 9006-1] |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY JUDGE:**

Winthrop Golubow Hollander, LLP ("WGH") hereby submits the Memorandum of Points and Authorities in support of the *Ex Parte Motion for Order Shortening Time re Hearing on Motion Under 11 U.S.C. §1112(b) to Convert Case to Chapter 7* (the "Conversion Motion").

## I

## INTRODUCTION

The Debtor has failed to pay its obligations owing to creditors under the Plan, and thus has not consummated the Plan. Since confirmation of its Plan, it appears that the Debtor has prejudiced the rights of creditors by not only making unauthorized transfers to insiders and others not permitted under the Plan, but also modifying the Plan and entering into unauthorized transactions with Crestline and others, without Court approval[1]. The result of these unauthorized transactions and transfers have enhanced the rights of Crestline and others, at the expense of all other creditors. Making matters worse, now that Crestline has modified and elevated its rights against the Debtor under the Plan (without Court authority), Crestline now seeks to move forward with a foreclosure sale of the Debtor's assets, which is scheduled for December 3, 2019.

Crestline's notice of default and the Debtor's failure to pay creditors in compliance with its obligations under the Plan constitute events of default under the Plan. Moreover, moving forward with the foreclosure sale will wipe out the Debtor's unpaid creditors, including Melting Point Solutions ("MPS"), for whom the Court entered an order allowing a claim in its favor, in an amount of approximately $610,000.

WGH believes that the avoidance of unauthorized post-confirmation transactions with and transfers to Crestline and other third parties in violation of the terms of the Plan could pay creditors in full. In addition, allowing a Chapter 7 trustee to control and sell the assets of the Debtor's estate will ensure that value is maximized for all creditors and that no one creditor controls and otherwise prejudices other creditors in this case.

---

[1] See, Declaration of Michael J. Vanderley in Support [Docket no. 581 and 584]; Debtor's Objection to Motion to Authorize Plan Agent to Sell the Assets [Docket no. 588].

## II

**SUMMARY OF NEED FOR HEARING ON SHORTENED TIME**

A foreclosure sale is scheduled for December 3, 2019. The Debtor has not paid its creditors as required under the Plan, and thus has defaulted under and failed to consummate the Plan. A foreclosure sale will wipe out all creditors for the benefit of one creditor (Crestline), at the expense of other creditors. A foreclosure sale should not be allowed to proceed, particularly where the foreclosing party (Crestline) appears to have elevated its rights, to the prejudice of other creditors, through an unauthorized transaction and modification of the plan, without Court approval.

As set forth in the declaration of Michael J. VanderLey ("VanderLey Declaration") in support of the Conversion Motion and Ex Parte Motion, the Court is aware, certain disputes arose between Mr. Foster and the Mr. VanderLey as to strategy and implementation of the terms of the Plan. Those disputes led to, among other things, Mr. Foster seeking to terminate Mr. VanderLey as Plan Agent, an action which led to Crestline's issuance of the Notice of Default on June 21, 2019. Following issuance of the Notice of Default, the substitute trustee appointed by Crestline noticed a foreclosure sale for August 6, 2019.

On July 24, 2019, the Debtor entered into a stipulation to execute documents and take acts necessary to consummate the Plan, which the Court approved by order entered on August 29, 2019. As a result of the stipulation and after much negotiation, Crestline agreed to extend the foreclosure sale date from August 6, 2019 to September 3, 2019.

On August 20, 2019, pursuant to the stipulation, the Plan Agent executed a purchase and sale agreement ("APA") to sell the Debtor's property. As a direct consequence of executing the APA, on August 23, 2019, Crestline caused the foreclosure sale date to be extended from September 3, 2019 to October 1, 2019.

Since execution of the APA, the Plan Agent has been pursuing activities related to the potential sale of the property, including negotiations with Crestline related to funding certain costs incidental to the sale process and to carry out what he has been authorized to do by the stipulation. Through those negotiations, including completion of certain 'value preservation' or 'value

enhancement' tasks authorized by Crestline, the foreclosure sale date was extended twice, first to November 5, 2019 and then again to December 3, 2019.

On November 7, 2019, the prospective buyer under the APA exercised its rights to terminate, which required me to re-start the sale process by reaching out to parties who had expressed interest in acquiring the property, as well as brokers. One week ago today, on November 20, 2019, the Plan Agent convened a meeting with Crestline and Steiner to discuss the a sale process and path forward that would avoid foreclosure. The meeting included a broker presentation discussing what an updated sale process would entail from a timing perspective, as well as prospective results.

Following the meeting, and multiple times since then, Crestline and the Plan Agent have discussed potentially doing a deed in lieu of foreclosure, that would result in a transfer of the property at issue to them, in exchange for payments for some or all of amounts owing to creditors, including administrative expenses. Those conversations were ongoing up to and including yesterday, Monday, November 25, 2019.

Up until Monday, November 25, 2019, the Plan Agent believed there was a reasonable likelihood that Crestline would move forward with one of two options: (1) the Debtor would pursue the same arrangement, i.e. re-start the marketing and sale process previously agreed upon, or (2) Crestline and the Plan Agent would negotiate deed lieu of foreclosure.

It was not until this morning, November 27, 2019, that the Plan Agent received official word from Crestline that it will **not** proceed with either of the above two options, and will instead proceed with a Foreclosure Sale, which is scheduled for **December 3, 2019 at 10:00 a.m. Central Standard Time**.

In sum, granting the Ex Parte Motion will enable the Court to appoint a trustee to ensure no one creditor benefits on the backs of other creditors, and that value is maximized for all creditors. Based on the foregoing, as more particularly described herein, WGH submits that it is in the estate's best interests to grant the Ex Parte Motion.

/ / /

## III
## GOOD CAUSE EXISTS TO SCHEDULE A HEARING ON
## THE CONVERSION MOTION

Rule 9006 of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> "[W]hen an act is required or allowed to be done at or within a specified period of time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

F.R.B.P. 9006. *See also* Local Bankruptcy Rule 9006-1(a) ("approval of the Court is required to … shorten time to perform any act or to file any paper pursuant to the Federal Rules of Civil Procedure, the Bankruptcy Rules, or these Bankruptcy Local Rules.").

WGH believes and hereby respectfully represents that good cause exits under the circumstances for setting a hearing on the Conversion Motion[2] on shortened notice. Setting the hearing on the Conversion Motion on shortened time will stop the pending foreclosure sale and wipeout of creditors to allow a fiduciary to evaluate and potentially avoid unauthorized transactions and transfers made post-confirmation and control and conduct an orderly liquidation of assets of the estate so as to maximize value for the Debtor's estate and <u>all</u> creditors.

## IV
## CONCLUSION

For all the reasons set forth herein, the Debtor respectfully requests that the Court shorten the time for a hearing on, and notice requirements for, the Conversion Motion to December 2, 2019.

DATED: November 27, 2019      **WINTHROP GOLUBOW HOLLANDER, LLP**

By:    /s/ *Garrick A. Hollander*
         Garrick A. Hollander
         Creditor and party-in-interest

---

[2] The Conversion Motion is being filed concurrently herewith and is incorporated herein by this reference.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1301 Dove Street, Suite 500, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **EX PARTE MOTION FOR ORDER SHORTENING TIME RE HEARING ON MOTION UNDER 11 U.S.C. §1112(b) TO CONVERT CASE TO CHAPTER 7; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 27, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
Honorable Chief Judge Efremsky
Bankruptcy Court, Oakland Division
1300 Clay Street, Suite 201
Oakland, CA 94612

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2019 | Jeannie Martinez | /s/ Jeannie Martinez |
|---|---|---|
| Date | Printed Name | Signature |

**NEF SERVICE LIST**

- **Peter C. Califano**   pcalifano@cwclaw.com
- **Christopher Celentino**   chris.celentino@dinsmore.com, caron.burke@dinsmore.com
- **Todd Dressel**   tdressel@mcguirewoods.com, JTabisaura@mcguirewoods.com
- **Pamela Egan**   pamela.egan@rimonlaw.com
- **Pamela M. Egan**   pegan@ckrlaw.com
- **Lisa C. Fancher**   lfancher@fbhg.law
- **Reno F.R. Fernandez**   2382885420@filings.docketbird.com, ecf@macfern.com
- **Richard H. Golubow**   rgolubow@wcghlaw.com, jmartinez@WCGHLaw.com
- **Leon B. Gordon**   othercourts@mvbalaw.com
- **Jennifer C. Hayes**   jhayes@fhlawllp.com
- **Garrick A. Hollander**   ghollander@wcghlaw.com, pj@wcghlaw.com
- **Ori Katz**   okatz@sheppardmullin.com, LSegura@sheppardmullin.com
- **Tobias S. Keller**   tkeller@kellerbenvenutti.com, pbenvenutti@kellerbenvenutti.com
- **Matthew Ryan Klinger**   mklinger@sheppardmullin.com, DGatmen@sheppardmullin.com
- **Andrew H. Levin**   alevin@wcghlaw.com
- **Dara Levinson Silveira**   dsilveira@kellerbenvenutti.com
- **Peter W. Lianides**   plianides@wcghlaw.com
- **Patricia H. Lyon**   phlyon@frenchandlyon.com, mwoodward@frenchandlyon.com
- **Office of the U.S. Trustee / SF**   USTPRegion17.SF.ECF@usdoj.gov
- **Julie H. Rome-Banks**   julie@bindermalter.com
- **Mary Ellmann Tang**   mtang@frenchlyontang.com, nblackwell@frenchlyontang.com
- **Eric J. Taube**   eric.taube@wallerlaw.com, sherri.savala@wallerlaw.com
- **Mark C. Taylor**   mark.taylor@wallerlaw.com, tammy.greenblum@wallerlaw.com
- **Jennifer Rae Tullius**   jtullius@tulliuslaw.com
- **Marta Villacorta**   marta.villacorta@usdoj.gov
- **David C. Winton**   david@dcwintonlaw.com, wintonstrauss@jubileebk.net